P. J. MURPHY v. ANNIE SULLIVAN *et al.*

(*Jackson.* April Term, 1911.)

**APPELLATE JURISDICTION. Bills for reformation of deeds, or to set up a trust in lands, are not ejectment suits, and appeals from chancery decrees in such cases lie to the court of civil appeals; transfer by supreme court.**

Where a bill is filed for the reformation of a deed made to complainant as "guardian," and to have the word "guardian" stricken out, upon the ground that it was inserted by inadvertence; and the defendants, the wards of complainant, answered denying the grounds of relief, and by cross bill sought to recover the land from complainant and his grantees, upon the ground that he held the land as their guardian, and that his grantees, by reason of the form of the deed to complainant, took with notice that he held the land in a trust capacity, it is held that such suit is not an ejectment suit, because complainant seeks no recovery of the land, but is merely asking for the reformation of a certain deed, and because the defendants have no "valid subsisting legal interest" in the land, and have no "right to the immediate possession thereof," but only have purely equitable rights therein that can only be set up in chancery, and their effort is in fact merely one to set up a trust in the land. Therefore, the appeal from the chancery decree in such case lies to the court of civil appeals, and if erroneously taken to the supreme court, the cause will be transferred to the court of civil appeals.

Code cited and construed: Sec. 4970 (S.); sec. 3953 (M. & V.); sec. 3229 (T. & S. and 1858).

Acts cited and construed: Acts 1907, ch. 82, sec. 7, Acts 1909, ch. 192.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.—
F. H. HEISKELL, Chancellor.

CANADA & PHELAN, for complainant.

RANDOLPH & RANDOLPH, for defendants.

MR. JUSTICE GREEN delivered the opinion of the Court.

This cause was appealed to this court from the chancery court of Shelby county, and a motion has been made to transfer it to the court of civil appeals, upon the theory that it is a case in which the appeal should have been taken to the latter court, under chapter 82 of the Acts of 1907.

The original bill herein was filed to procure a reformation of a certain deed formerly made to the complainant as guardian. The allegation of the bill is that the land was purchased with the individual funds of the complainant, that it was his own property, and that the addition of the word "guardian" to his name was an inadvertence in the drafting of the deed.

There were named as defendants to this bill certain

minors, who were wards of the complainant, of whom he had been appointed guardian by the county court of Shelby county.

These defendants answered, and denied that the complainant was inadvertently described or mentioned as guardian in the deed, but set up that the land was purchased with their own funds; that the complainant in fact held the land as their guardian and for their benefit; that he had incumbered the land; and they sought to recover it from him and his conveyees, charging that, by reason of the form of the deed to the complainant, his conveyees took from him with notice of the fact that he held the land in a trust capacity, and that the conveyees accordingly were not innocent parties.

The motion to transfer this cause to the court of civil appeals is resisted on the idea that the cross bill is a suit for the recovery of land in the nature of an ejectment suit, and that the case, therefore, falls within one of the excepted classes, appellate jurisdiction of which is reserved to this court by the act of 1907 above referred to. That act provides (section 7) "that the jurisdiction of the court of civil appeals shall be appellate only and shall extend to all cases brought up from courts of equity or chancery court, except cases in which the amount involved, exclusive of costs, exceeds $1,000, and except cases involving the constitutionality of the statutes of Tennessee, contested elections for office, State revenue and ejectment suits."

This act has been repeatedly construed by this court

and its plain meaning given effect. No appeal from the chancery court lies to this court, except in one of the classes of cases just mentioned and quoted from the act.

This is not an ejectment suit. Shannon's Code, section 4970, provides that "any person having a valid, subsisting, legal interest in real property and the right to immediate possession thereof, may recover the same by an action of ejectment."

The complainant in this case, as has been seen, seeks no recovery of this land, but is merely asking for a reformation of a certain deed.

The cross-complainants have no rights respecting this land for which they could maintain an ejectment suit, and their cross bill is in no sense an ejectment bill.

They have no "valid, subsisting, legal interest" in this property, nor have they a right to the "immediate possession thereof." Their rights in this land are purely equitable, and are such as can only be set up in a court of equity. They could not maintain ejectment at all respecting this land, on the facts appearing in their pleadings. Their effort is in fact merely one to set up a trust in the land.

For the reasons stated, the motion must be granted, and an order will be entered here transferring this case to the court of civil appeals under the authority of chapter 192 of the Acts of 1909.